The STATE of Ohio, Appellee,

v.

HORCH, Appellant.

[Cite as *State v. Horch,* 154 Ohio App.3d 537, 2003-Ohio-5135.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–03–15.

Decided Sept. 29, 2003.

Alison Boggs, Union County Prosecuting Attorney, for appellee.

Michael J. Streng, for appellant.

Shaw, Judge.

{¶ 1} The appellant, Lara Horch, appeals from the March 24, 2003 judgment of the Common Pleas Court of Union County, Ohio, finding her guilty of sexual battery and sentencing her to a five-year term of imprisonment.

{¶ 2} Sometime between June and December 2000, Horch committed the act of fellatio on her then twelve-year-old son. Thereafter, on July 30, 2002, the grand jury indicted Horch on one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and one count of sexual battery in violation R.C. 2907.03(A)(5), a felony of the third degree. Initially, Horch entered a plea of not guilty as to both counts, and the case was set for trial. However, Horch entered into plea negotiations with the state, which resulted in her changing her plea of not guilty as to the count of sexual battery to one of guilty in exchange for the state's agreement to dismiss the rape charge. After discussing the ramifications of a decision to plead guilty to a felony, the trial court accepted Horch's plea of guilty, found her guilty of the offense of sexual battery, and then sentenced her to a five-year term of imprisonment. This appeal followed, and Horch now asserts one assignment of error:

"Appellant did not knowingly and intelligently enter a guilty plea."

{¶ 3} The Supreme Court has determined that "[w]hen a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450, citing *Kercheval v. United States* (1927), 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009; *Mabry v. Johnson* (1984), 467 U.S. 504, 508–509, 104 S.Ct. 2543, 81 L.Ed.2d 437; *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658; Crim.R. 11(C).

{¶ 4} Horch asserts that the trial court erred in accepting her guilty plea, which was not made knowingly and intelligently, because it was based on false information. Specifically, both the guilty plea form signed by Horch, the trial court, and counsel for both parties, and the statements given by the trial judge in his colloquy with Horch provided that if she was sentenced to a term of imprisonment, she would be eligible to apply for judicial release 180 days after entering a state correctional institution. However, this statement was not entirely accurate.

{¶ 5} Horch was convicted of one count of sexual battery, a third-degree felony in violation of R.C. 2907.03(A)(5). If a trial court elects to impose a prison term upon an offender convicted of a third-degree felony, the definite prison term "shall be one, two, three, four, or five years." R.C. 2929.14(A)(3). If a stated

prison term of one, two, three, or four years is imposed for a felony of the third degree, an offender may apply for judicial release after 180 days have elapsed since his/her incarceration at a state correctional facility. R.C. 2929.20(B)(2). However, when an offender is sentenced to a stated prison term of five years, as Horch was, the motion for judicial release may not be filed until the offender has served four years of that sentence. R.C. 2929.20(B)(3).

{¶ 6} This court has previously been confronted with a case of misinformation as to an offender's eligibility for judicial release. *State v. Bush,* Union App. No. 14–2000–44, 2002-Ohio-6146, 2002 WL 31519917. In *Bush,* the trial court's judgment entry provided that the defendant, who had pled guilty, would be eligible to apply for judicial release after serving 30 days. Id. at ¶ 4. Nevertheless, based upon the court's sentence and the applicable statutory factors, Bush was not actually eligible for judicial release until he served five years of his sentence. Id. at ¶ 11. Therefore, we concluded that Bush's pleas of guilty "were not entered knowingly or intelligently, thus creating a manifest injustice[.]" Id.

{¶ 7} We find *Bush* dispositive. Here, as in *Bush,* both the judge and the plea form signed by all involved incorrectly stated Horch's eligibility for judicial release if she were sentenced to five years of imprisonment. Rather, a blanket term of 180 days was given without additional notice that a term of five years would extend the time frame for judicial release eligibility from six months to four years, which amounted to a significant time differential. Thus, as in *Bush,* we find that Horch's plea was not entered knowingly or intelligently, and that the trial court erred in accepting her plea of guilty to the charge of sexual battery. Accordingly, the assignment of error is sustained.

{¶ 8} For these reasons, the judgment of the Common Pleas Court of Union County, Ohio, is reversed, and the cause is remanded for further proceedings in accordance with law.

Judgment reversed
and cause remanded.

THOMAS F. BRYANT, P.J., and WALTERS, J., concur.