OPINION
{¶ 1} Defendant-appellant, Joshua J. Schmidt ("Schmidt"), appeals the judgment of the Van Wert County Court of Common Pleas, which denied his motion to withdraw his guilty plea and classified him as a sexual predator. Because the trial court did not abuse its discretion in denying Schmidt's motion, and because the classification is supported by clear and convincing evidence, we affirm.
 {¶ 2} In April 2005, Schmidt lived with his girlfriend, Tonya Panning ("Panning"), and her nine-year-old daughter. Panning's daughter alleged Schmidt forcibly molested her on one occasion during that time. As a result, the Van Wert County Grand Jury indicted Schmidt on one count of rape, a violation of R.C.2907.02(A)(1)(b) and a felony of the first degree, and one count of kidnapping, a violation of R.C. 2905.01 and a felony of the first degree. The rape count contained a life specification.
 {¶ 3} Schmidt entered into a plea agreement. Under the agreement, Schmidt pled guilty to one count of gross sexual imposition, which is a violation of R.C. 2907.05(A)(4) and is a felony of the third degree. In exchange, the prosecution dismissed the kidnapping charge.
 {¶ 4} Several weeks later, Schmidt filed a motion to withdraw his plea. Schmidt argued he did not molest the victim, and asserted he only pled guilty because his counsel stated Panning apparently refused to act as an alibi. After holding an evidentiary hearing, the trial court denied Schmidt's motion.
 {¶ 5} The trial court appointed new counsel at Schmidt's request. Schmidt then filed a renewed motion to withdraw his plea. Schmidt again argued he did not molest the victim. Schmidt also argued that the statement his former counsel relied upon was erroneous because Panning never refused to act as an alibi. The trial court held a second evidentiary hearing, but it denied Schmidt's renewed motion.
 {¶ 6} The trial court subsequently held a hearing to sentence Schmidt and to determine whether to classify him as a sex offender. At the hearing, the trial court considered, among other things, a pre-sentencing investigation (PSI) report and a psycho-sexual evaluation report. Based on this information, the trial court sentenced Schmidt to a prison term of four years and classified him as a sexual predator.
 {¶ 7} It is from this decision that Schmidt appeals and sets forth four assignments of error for our review.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred in denying Appellant's motion towithdraw his guilty plea prior to sentencing.
 {¶ 8} In his first assignment of error, Schmidt argues the trial court erred when it denied his pre-sentence motion to withdraw his guilty plea.
 {¶ 9} Crim.R. 32.1 provides a defendant may file a pre-sentence motion to withdraw a guilty plea. The general rule is that a trial court should freely grant such a motion. Statev. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. However, a defendant does not maintain an absolute right to withdraw his plea prior to sentencing. Id., paragraph one of the syllabus. Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists to allow a defendant to do so. Id.
 {¶ 10} A trial court maintains discretion in deciding whether to grant or deny a defendant's pre-sentence motion to withdraw a plea. Id., paragraph two of the syllabus. As such, we will not overturn the trial court's decision on that issue unless the trial court abused its discretion. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144.
 {¶ 11} We consider several factors when reviewing a trial court's decision to grant or deny a defendant's pre-sentence motion to withdraw a plea. Those factors include: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. State v. Lane (Oct. 26, 2001), 3d Dist. No. 1-01-69, at *1, citing State v. Griffin (2001), 141 Ohio App.3d 551,554, 752 N.E.2d 310.
 {¶ 12} We note that, from the record, there appears to be little prejudice to the prosecution in permitting Schmidt to withdraw his plea. But we believe a majority of the remaining factors weigh in favor of the trial court's decision to deny Schmidt's motions.
 {¶ 13} First, Schmidt does not point to any persuasive evidence that his former counsel failed to adequately represent him. In fact, Schmidt's former counsel testified at the second evidentiary hearing that he had handled serious felony matters for twenty-nine years. Schmidt's former counsel also testified he advised Schmidt on each aspect of the case, including the charges, the plea agreement, the strong testimony and physical evidence favoring the prosecution, and the "serious probability" a jury would find Schmidt guilty.
 {¶ 14} Second, the trial court conducted a thorough colloquy under Crim.R. 11. The trial court informed Schmidt of all of the rights he waived by pleading guilty. The trial court also verified Schmidt understood the nature of the charge, and the potential penalties.
 {¶ 15} Third, the trial court held multiple evidentiary hearings. In doing so, the trial court gave full and fair consideration to each motion. At the first hearing, the trial court allowed Schmidt to explain why he wanted to withdraw his plea. The trial court also heard testimony at the second hearing from several witnesses, including Schmidt, and admitted an exhibit documenting Panning and the victim's prior testimony at a preliminary proceeding.
 {¶ 16} Fourth, Schmidt argued in defense that Panning's testimony established he had only a fifteen minute window to molest the victim, and, in any event, he did not do so. We find Schmidt's alibi defense to be questionable at best. We further find the strong testimony and physical evidence favoring the prosecution presented a "serious probability" a jury would find Schmidt guilty, and Schmidt did, in fact, admit his guilt when he opted to change his plea.
 {¶ 17} Given the foregoing, we cannot say the trial court abused its discretion when it denied Schmidt's pre-sentence motion to withdraw his plea. Accordingly, Schmidt's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 The trial court erred in finding that the State presentedsufficient evidence for it to find by clear and convincingevidence that Appellant should be classified a sexual predator.
 {¶ 18} In his second assignment of error, Schmidt argues the trial court erred when it found by clear and convincing evidence that he was "likely to engage in the future in one or more sexually oriented offenses."
 {¶ 19} As pertinent to this appeal, a "sexual predator" is "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1) (emphasis added). Gross sexual imposition is a "sexually oriented offense" within the meaning of R.C.2950.01(E)(1). See R.C. 2950.01(D)(1)(a).
 {¶ 20} In order to determine whether an offender is a sexual predator, the trial court must hold a classification hearing. R.C. 2950.09(B)(1). The trial court must also consider a non-exclusive list of factors under R.C. 2950.09(B)(3). Those factors include:
(a) The offender's * * * age;
 (b) The offender's * * * prior criminal or delinquency recordregarding all offenses, including, but not limited to, all sexualoffenses;
 (c) The age of the victim of the sexually oriented offense forwhich sentence is to be imposed or the order of disposition is tobe made;
 (d) Whether the sexually oriented offense for which sentenceis to be imposed or the order of disposition is to be madeinvolved multiple victims;
 (c) Whether the offender or delinquent child used drugs oralcohol to impair the victim of the sexually oriented offense orto prevent the victim from resisting;
 (f) If the offender * * * previously has been convicted of orpleaded guilty to * * * a criminal offense, whether the offender* * * completed any sentence or dispositional order imposed forthe prior offense or act and, if the prior offense or act was asex offense or a sexually oriented offense, whether the offender* * * participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender* * *;
 (h) The nature of the offender's * * * sexual conduct, sexualcontact, or interaction in a sexual context with the victim ofthe sexually oriented offense and whether the sexual conduct,sexual contact, or interaction in a sexual context was part of ademonstrated pattern of abuse;
 (i) Whether the offender * * *, during the commission of thesexually oriented offense for which sentence is to be imposed orthe order of disposition is to be made, displayed cruelty or madeone or more threats of cruelty;
 (j) Any additional behavioral characteristics that contributeto the offender's * * * conduct.
 {¶ 21} The trial court maintains discretion to decide how much weight to give to each factor. See State v. Thompson
(2001), 92 Ohio St.3d 584, 752 N.E.2d 276, paragraph one of the syllabus. Rigid rules have no place in determining whether an offender is a sexual predator. State v. Robertson,147 Ohio App.3d 94, 2002-Ohio-494, 768 N.E.2d 1207, at ¶ 20. Instead, "courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." Id.
 {¶ 22} After reviewing the applicable factors and evidence, the trial court must determine whether the prosecution proved by clear and convincing evidence that the offender is a sexual predator. See R.C. 2950.09(B)(4); State v. Eppinger (2001),91 Ohio St.3d 158, 163, 743 N.E.2d 881. Clear and convincing evidence requires more than a mere preponderance of the evidence, but less than a finding of proof beyond a reasonable doubt.State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, citing Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus. It is that degree of proof that will produce a firm belief or conviction as to the allegations sought to be established. Id.
 {¶ 23} On appeal, we must determine whether the manifest weight of the evidence satisfies the clear and convincing standard. Schiebel, 55 Ohio St.3d at 74. The question of whether manifest weight claims in sexual predator cases should be addressed under the civil standard set forth in C.E. Morris Co.v. Foley Construction Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus, or the criminal standard discussed in State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, has not been uniformly resolved among Ohio's appellate districts.State v. Fulk, 3d Dist. No. 15-04-17, 2005-Ohio-2506, at ¶ 24, citing Robertson, 2002-Ohio-494, at ¶ 44. This court, however, has consistently applied the more stringent criminal standard. Id. As such, we will not overturn a trial court's decision to classify an offender as a sexual predator unless the trial court "clearly lost its way and created such a manifest miscarriage of justice that the proceeding must be reversed." Thompkins,78 Ohio St.3d at 387.
 {¶ 24} In this case, the trial court considered the applicable factors under R.C. 2950.09(B)(3). The trial court also made findings corresponding to those factors. For instance, the trial court found Schmidt had an extremely "lengthy juvenile and adult criminal record" and "failed to respond positively to previously imposed sanctions."
 {¶ 25} Furthermore, the trial court considered each exhibit the prosecution introduced at the classification hearing. In particular, the trial court considered the PSI and psycho-sexual evaluation reports. The latter report provided Schmidt had a "medium-high risk" of re-offending over the next fifteen years.
 {¶ 26} Based on the applicable factors and evidence, the trial court classified Schmidt as a sexual predator. In doing so, the trial court found by clear and convincing evidence that Schmidt was "likely to engage in the future in one or more sexually oriented offenses."
 {¶ 27} Schmidt argues the record weighs against the determination that he is likely to re-offend. But we find the statutory factors, the PSI report, and the psycho-sexual evaluation report all substantiate that conclusion. Moreover, we note that the facts underlying the offense at issue are particularly troubling. The nine-year-old victim stated Schmidt held her down, covered her mouth so she could not scream, penetrated her with his fingers, and threatened to kill her if she told anyone.
 {¶ 28} After reviewing the record, we believe ample evidence exists to find by clear and convincing evidence that Schmidt is "likely to engage in the future in one or more sexually oriented offenses." We must, therefore, conclude the trial court did not err when it classified Schmidt as a sexual predator.
 {¶ 29} Accordingly, Schmidt's second assignment of error is overruled.
 {¶ 30} For clarity of analysis, we consider Schmidt's third and fourth assignments of error together.
 ASSIGNMENT OF ERROR NO. 3 The Defendant was denied due process of law and effectiveassistance of counsel when he entered pleas of guilty to grosssexual imposition based on misinformation from counsel.
 ASSIGNMENT OF ERROR NO. 4 The trial court erred in not permitting the Defendant toestablish his innocence at the hearing to withdraw his guiltyplea.
 {¶ 31} In his third assignment of error, Schmidt argues he was denied effective assistance of counsel. Schmidt also argues in his fourth assignment of error that the trial court erred when it stopped him from introducing testimony that established "a substantial probability that the outcome of [his] trial would have been different."
 {¶ 32} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. State v. Kole (2001), 92 Ohio St.3d 303, 306,750 N.E.2d 148, citing Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. To establish prejudice, the defendant must show there is a reasonable probability that, but for counsel's deficient or unreasonable performance, the defendant would not have pled guilty. Xie,62 Ohio St.3d at 524, citing Hill v. Lockhart (1985), 474 U.S. 52, 59,106 S.Ct. 366, 88 L.E.2d 203; Strickland, 466 U.S. at 687.
 {¶ 33} Schmidt's former counsel's secretary testified at the second evidentiary hearing that she attempted to contact Panning to arrange a meeting. When she called Panning's home, a man answered the telephone. The secretary further testified the man identified himself as Panning's new boyfriend and stated Panning "didn't want to talk" and "had nothing to say."
 {¶ 34} The secretary informed Schmidt's former counsel of the conversation. In turn, Schmidt's former counsel told Schmidt that Panning was apparently refusing to act as an alibi. Panning later testified at the second evidentiary hearing that she never refused to do so.
 {¶ 35} Schmidt argues his former counsel's performance was unreasonable because he relied on the telephone conversation to conclude Panning refused to act as an alibi. We are, however, unable to say under the particular facts of this case that Schmidt's former counsel's reliance on the conversation at issue caused his performance to be deficient or unreasonable. We must, therefore, conclude Schmidt was not denied effective assistance of counsel.
 {¶ 36} Additionally, Schmidt argues that the trial court precluded him from establishing how his former counsel's performance prejudiced him. More specifically, Schmidt argues the trial court erred when it stopped him from introducing testimony that established "a substantial probability that the outcome of [his] trial would have been different."[1]
 {¶ 37} Notably, Schmidt misstates his burden. In the context of a motion to withdraw a plea, the defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pledguilty. Xie, supra; cf. Kole, 92 Ohio St.3d at 308 (holding defendant established reasonable probability that, but for counsel's errors, the result of jury trial would have been different). Nevertheless, we believe our conclusion that Schmidt's former counsel's performance was not deficient or unreasonable renders Schmidt's additional argument moot.
 {¶ 38} Accordingly, Schmidt's third and fourth assignments of error are overruled.
 {¶ 39} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., concurs.
 Rogers, J., concurs in judgment only.
[1] Schmidt advanced this argument in his fourth assignment of error. But, Schmidt unambiguously signaled in his brief that the argument related directly to his ineffective assistance of counsel claim set forth in his third assignment of error.