OPINION
{¶ 1} Defendant-appellant, Corey M. Price (hereinafter "Price"), appeals the judgment of the Seneca County Court of Common Pleas convicting him of trafficking in crack cocaine with a specification that the offense was committed in the vicinity of a school. For the reasons which follow, we affirm the judgment of the trial court.
 {¶ 2} On September 28, 2004, a confidential informant entered the Riverbend Apartment building to purchase cocaine from a man known as "Tweet" but "Tweet" was not at the apartment. Instead, another individual answered the door to the apartment. The confidential informant asked the individual for his name and he identified himself as "Slim". "Slim" sold the confidential informant a rock of crack cocaine for $20. Thereafter, the confidential informant left the apartment and turned over the rock of crack cocaine to the police. According to the confidential informant, she knew the individual who sold her the rock of crack cocaine by the name of "G-Money" even though he identified himself as "Slim". Subsequently, the confidential informant identified Price from a group of photographs as the individual who sold her the rock of crack cocaine.
 {¶ 3} Price was indicted for trafficking in crack cocaine in violation of R.C. 2925.03 (A)(1) (C)(4)(b) and a fourth degree felony, with a specification that the offense was committed within the vicinity of a school. A jury trial was held on January 13 and 14, 2005, and Price was convicted. The same day he was convicted, the trial court held a sentencing hearing and sentenced Price to fifteen months imprisonment.
 {¶ 4} It is from this judgment Price appeals and sets forth two assignments of error for our review. For clarity of analysis, we have combined Price's two assignments of error.
 ASSIGNMENT OF ERROR NO. I Appellant received ineffective assistance of counsel, denyinghim a fair trial pursuant to the sixth and fourteenth amendmentsto the United States Constitution due to counsel's deficientperformance which caused the reasonable probability that, but forcounsel's unprofessional errors, the result of the proceedingwould have been different.
 ASSIGNMENT OF ERROR NO. II Appellant received ineffective assistance of counsel in thatthe court did not give defense counsel adequate time noropportunity to prepare for the sentence hearing, and as such,defense counsel did not have reasonable opportunity to exploreand investigate potential mitigating factors.
 {¶ 5} In his first assignment of error, Price argues that he received ineffective assistance of counsel because his trial counsel failed to investigate and bring proof against evidence that he knew would be introduced by the prosecution, did not have any witnesses testify, and did not present any exhibits. Price argues, in his second assignment of error, that he was denied effective assistance of counsel since the trial court proceeded to sentencing on the same day that he was convicted. Further, Price argues that although the trial court gave his trial counsel a short recess, his trial counsel was not given the necessary time to investigate his history or the merits of his past violations, his trial counsel was unable to introduce mitigating factors, and his trial counsel was unprepared.
 {¶ 6} It is well-settled that in order to establish a claim of ineffective assistance of counsel, appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense. State v. Kole (2001),92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674. To warrant reversal, the appellant must show that there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different. Strickland,466 U.S. at 694.
 {¶ 7} In order to show that an attorney's conduct was deficient or unreasonable, the appellant must overcome the presumption that the attorney provided competent representation by showing that the attorney's actions were not trial strategies prompted by "reasonable professional judgment." Strickland,466 U.S. at 689. "Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance." State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267, citing State v. Thompson (1987),33 Ohio St. 3d 1, 514 N.E.2d 407. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. State v. Carter (1995),72 Ohio St.3d 545, 558, 651 N.E.2d 965. Rather, the errors complained of must amount to a substantial violation of defense counsel's essential duties to his client. See State v. Bradley
(1989), 42 Ohio St.3d 136, 141, quoting State v. Lytle (1976),48 Ohio St.2d 391, 396, 358 N.E.2d 623.
 {¶ 8} Generally, "[trial] counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." State v. Mathews, 10th Dist. No. 03AP-140, 2003-Ohio-6307 at ¶ 31, quoting State v.Treesh (2001), 90 Ohio St.3d 460, 490, 739 N.E.2d 749.
 {¶ 9} After reviewing the record, we find Price has not met the burden for establishing ineffective assistance of counsel. There is nothing on the record to indicate that Price's trial counsel did not investigate the case. Although trial counsel did not present any witnesses at trial, trial counsel did file a document which listed two individuals plus Price as potential witnesses. Without some indication in the record to the contrary, we must conclude that trial counsel's decision not to call those individuals who were listed as potential witnesses was a matter of trial strategy. See Mathews, 2003-Ohio-6307, at ¶ 31.
 {¶ 10} Although Price's trial counsel chose not to present any witnesses or exhibits at trial, he thoroughly cross examined the prosecution's witnesses and argued in his closing arguments that the prosecution failed to meet its burden of proof. While trial counsel's tactical decision ultimately proved unsuccessful, we cannot find that trial counsel was deficient under the circumstances of this case.
 {¶ 11} Furthermore, Price has been unable to show that there is a reasonable probability that but for his trial counsel's performance, the result of his trial would have been different.
 {¶ 12} There is no evidence on the record to indicate what information any witnesses, exhibits, or experts would have provided or that it would have helped Price's defense. "It is impossible for a court to determine on direct appeal from a criminal conviction whether counsel was ineffective in his representation where the allegation of ineffectiveness is based on facts dehors the record." State v. Medina, 10th Dist. No. 05AP-66, 2006-Ohio-1648, at ¶ 26 citing Matthews,2003-Ohio-6307, at ¶ 31, and State v. Gibson (1980),69 Ohio App.2d 91, 95, 430 N.E.2d 954.
 {¶ 13} Price has also been unable to establish that he was provided ineffective assistance of counsel at the sentencing hearing. Although Price's sentencing hearing was conducted on the same date that he was convicted, the trial court provided trial counsel with a recess in order to prepare for the sentencing hearing and to read a copy of the post sentence investigation from an earlier conviction. Price has failed to show there was a reasonable probability that but for his trial counsel's performance the result of the sentencing hearing would have been different. Price has not shown that any mitigating factors existed or that those factors would have affected the outcome of his sentencing hearing.
 {¶ 14} Consequently, we hold that Price has been unable to establish ineffective assistance of counsel either at his trial or his sentencing hearing. Price's first and second assignments of error are overruled.
 {¶ 15} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant, P.J., and Shaw, J., concur.