OPINION *Page 2 
{¶ 1} Defendant-appellant, John E. Cox (hereinafter "Cox"), appeals the judgment of the Union County Court of Common Pleas. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} On July 18, 2006, the Union County Grand Jury indicted Cox on eight counts including: count one of aggravated robbery, in violation of R.C. 2911.01(A)(1) and a first degree felony; count two of safecracking, in violation of R.C. 2911.31(A) and a fourth degree felony; count three of possessing criminal tools, in violation of R.C. 2923.24(A)(C) and a fifth degree felony; and counts four, five, six, seven, and eight of kidnapping, violations of R.C. 2905.01(A)(2) and second degree felonies.
 {¶ 3} On August 15, 2006, Cox pled guilty to counts one, four, five, six, seven, and eight. The trial court filed a judgment entry entitled "entry withdrawing plea of not guilty, entering plea of guilty and referral for presentence investigation" and the entry provided that the second and third counts were dismissed. Cox filed a motion to vacate the guilty plea on September 5, 2006.
 {¶ 4} On September 8, 2006, the trial court conducted a hearing. At the hearing, the trial court discussed Cox's motion to vacate the guilty plea and stated, "* * * I think it was done, again, knowingly, intelligently. He waived these rights *Page 3 
and entered a plea of guilty to the charge. I'll not let him withdraw it at this point."
 {¶ 5} On September 8, 2006, the trial court sentenced Cox to five years on the aggravated robbery charge and three years on each kidnapping charge. The trial court further ordered the sentences be served concurrently, for an aggregate term of five years imprisonment.[1]
 {¶ 6} It is from this judgment that Cox appeals and asserts six assignments of error for our review. For clarity of analysis, we will address the assignments out of the order presented in Cox's brief and combine assignments of error where appropriate.
 ASSIGNMENT OF ERROR NO. VI WHEN A TRIAL COURT FAILS TO SET FORTH A FINAL DISPOSITION ON EVERY CHARGE IN ITS ENTRY THAT DISPOSES OF THE CASE, THAT ENTRY IS INTERLOCUTORY AND THEREFORE NOT A FINAL APPEALABLE ORDER.
 {¶ 7} In his sixth assignment of error, Cox maintains that since the trial court failed to set forth the dispositions of Counts II and III in the journal entry of sentencing, the sentencing entry is interlocutory and is not a final appealable order. *Page 4 
 {¶ 8} In the trial court's signed journal entry entitled "entry withdrawing plea of not guilty, entering plea of guilty and referral for presentence investigation," filed on August 15, 2006, the trial court dismissed Counts II and III of the indictment. The trial court's sentencing entry filed on September 8, 2006, disposed of all the counts pending at the time of the sentencing hearing.
 {¶ 9} Since Counts II and III of the indictment were dismissed in a prior journal entry, and the trial court's sentencing entry disposed of all the counts that were pending at the time of sentencing, we find that the trial court's sentencing entry constitutes a final appealable order. Cox's sixth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II A TRIAL COURT ABUSES ITS DISCRETION WHEN IT FAILS TO ALLOW A DEFENDANT TO WITHDRAW A GUILTY PLEA WHEN CAUSE IS SHOWN THAT SUCH A PLEA SHOULD BE WITHDRAWN WHEN SUCH A PLEA IS BASED UPON AN INCORRECT STATEMENT OF THE LAW AND OR CONFUSION IN REGARD TO THE TERMS OF THAT PLEA.
 {¶ 10} Cox argues, in his second assignment of error, that the trial court abused its discretion when it refused to allow him to withdraw his guilty plea. According to Cox, the plea agreement contained errors regarding eligibility for judicial release. Cox further argues that the plea agreement was signed when it *Page 5 
contained errors; and thus, "was signed through incorrect legal advice and was not voluntarily, intelligently, and knowingly made."
 {¶ 11} Crim.R. 32.1 governs withdrawal of guilty plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 12} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." State v.Engle (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450; State v.Horch, 3d Dist. No. 14-03-15, 154 Ohio App.3d 537, 2003-Ohio-5135,797 N.E.2d 1051, ¶ 3, citations omitted; State v. Bush, 3d Dist. No. 14-2000-44, 2002-Ohio-6146, ¶ 11, citations omitted.
 {¶ 13} R.C. 2929.20(B) governs eligibility for judicial release and provides in pertinent part:
 (2) Except as otherwise provided in division (B)(3) or (4) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.
 (3) If the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term. *Page 6 
 (4) If the stated prison term is more than five years and not more than ten years, the eligible offender may file the motion after the eligible offender has served five years of the stated prison term.
 {¶ 14} In Bush, we found that the defendant's guilty plea was not made knowingly or intentionally when both the defendant and the trial court were acting under the erroneous assumption that the defendant would be eligible for judicial release after thirty days, but the defendant was not actually eligible for judicial release until after he had served five years of his prison sentence. 3d Dist. No. 14-2000-44, 2002-Ohio-6146, at ¶ 11.
 {¶ 15} Similarly, this court found in State v. Horsch,154 Ohio App.3d 537, 2003-Ohio-5135, 797 N.E.1051, that Horsch's guilty plea was not knowingly and intelligently made when both the guilty plea form and the statements provided in the trial court's colloquy provided information regarding judicial release that was not entirely accurate. Horsch was convicted of a third degree felony and was subject to a prison term of one, two, three, four, or five years. Id. at ¶ 5, citing R.C.2929.14(A)(3). The trial court informed Horsch that if she was sentenced to a prison term she would be eligible for judicial release after 180 days. Id. at ¶ 7. This court noted that under R.C. 2929.20, if the stated prison term imposed for a felony of a third degree is one, two, three, or four years, then the offender can apply for judicial release after 180 days of incarceration at a state correctional facility; "[h]owever, when an offender is sentenced to a stated prison term of five *Page 7 
years, as Horsch was, the motion for judicial release may not be filed until the offender has served four years of that sentence." Id. at ¶ 5, citing R.C. 2929.20(B)(2), (B)(3). Thus, we found that the trial judge and the plea form "incorrectly stated Horsch's eligibility for judicial release if she were sentenced to five years of imprisonment", the eligibility difference "amount[ed] to a significant time differential," and that Horsch's plea was not entered knowingly or intelligently. Id. at ¶ 7.
 {¶ 16} In the present case, the trial court had a copy of the plea agreement signed by Cox and the prosecution. Since the trial court did not have an original of the plea agreement with Cox's signature, the trial court had Cox sign the copy of the plea agreement at the beginning of the hearing. Later in the hearing, the trial court stated:
 THE COURT: Now, if you're sentenced to a prison term of 2, 3, 4, or 5 years to second degree felonies or 3, 4, 5, 6, 7, 8, 9, or 10 years for a first degree felony, you may be eligible for judicial release upon serving not less than 180 days after entering a state institution — correctional institution. If you're sentenced to a prison term of five years, you may be eligible for judicial release upon serving not less than four years after entering a state correctional institution. And if you're sentenced to a prison term of more than 5 years, up to and including 10 years, you may be eligible for judicial release upon serving not less than 5 years after entering a state correctional institution.
 MR. HORD: That's correct.
 THE COURT: The first one though it says if I'm sentenced to a prison term of 2, 3, 4, or 5, years. The second one says 3, 4, 5, 6, *Page 8 
 7, 8, 9 or 10 years that they — they're eligible for judicial release after 180 days. And that's not correct is it?
 MR. HORD: No. If he serves —
 THE COURT: 2, 3, 4 —
 MR. HORD: Less than 5 — 5 years it's 4 years.
 THE COURT: That's right. That's right. Okay. Do you understand what the problem is? If you don't, I'll go back over it.
 DEFENDANT: That's just fine, sir.
 THE COURT: Okay. And you're eligible for judicial release only if the stated prison term is for a total of 10 years or less. And if the term exceeds 10 years, you're not eligible for judicial release. Do you understand?
 DEFENDANT: Yes, Sir.
 * * *
(T. 8/15/06 at p. 10-11).
 {¶ 17} Later in the change of plea hearing, the following discussion took place regarding judicial release:
 THE COURT: I have before me then a — a written change of plea to the charges that we've discussed and waiver of rights. And it's purported to be signed and I think it's by John E. Cox, and what is it, Junior?
 DEFENDANT: No.
 THE COURT: Just John E. Cox?
 DEFENDANT: Yes, sir. *Page 9 
 THE COURT: Okay. Is that you and did you sign it?
 DEFENDANT: Yes, sir.
 THE COURT: Okay. Now I see why. One of them's the fax and one of them's the actual. Okay.
 MR. HORD: Counsel approach, your Honor?
 THE COURT: Sure.
 —
 (THEREUPON, DISCUSSION WAS HELD AT THE BENCH.)
 —
 MR. HORD: Can I see that document because there is an F-1 in here which is 3 to 10 years on the robbery. That's — and I'm like thinking I'm not sure how.
 THE COURT: You know what we're doing here is advising him of his — we're advising him of — 
 MR. HORD: Right. Eligibility.
 THE COURT: — Eligibility for — for judicial release.
 MR. HORD: What they did is they put the range in. They put 2, 3, 4, 5, and they stopped at 8.
 THE COURT: That's right.
 MR. HORD: So that's what he needs to — I guess what I'm saying is he understands that the potential range, sentencing range, which is on the first page for (INAUDIBLE) to. That's why I'm thinking I need to see this.
 THE COURT: Yeah. That's why I asked about the other because, I mean, you know.
 MR. HORD: It's not 180 days if it's — 
 THE COURT: Hu-huh. *Page 10 
 MR. MINISTER: Your Honor, I've probably spent 20 hours with him in the last five days. He completely understands the range. And I Xeroxed off and went through the judicial release statute. There is nothing about this case that he doesn't understand.
 MR. HORD: Okay. Good.
 THE COURT: Well, I'm glad to hear that. Okay. Fine.
 MR. HORD: All right. Thank you, Judge.
 MR. MINSTER: Thank you.
 —
 (THEREUPON, DISCUSSION AT THE BENCH CONCLUDED.)
 —
 THE COURT: The Court then accepts the change of plea, finds it to be made voluntarily and knowledgably. * * *
(T. 8/15/06 at p. 14-16).
 {¶ 18} In the present case, there was confusion regarding when Cox would be eligible for judicial release. The plea agreement, which the defendant had signed, contained wrong information regarding Cox's eligibility for judicial release. From the transcript, it is evident that the trial court initially read the erroneous information to Cox, but then found the error and attempted to correct the misinformation. However, from our reading of the transcript, we are unable to say the trial court clearly informed Cox regarding the correct terms of judicial release or that Cox understood when he would be eligible for his judicial release. *Page 11 
Accordingly, we cannot find that Cox knowingly, voluntarily, and intelligently pled guilty. Cox's second assignment of error is, therefore, sustained.
 ASSIGNMENT OF ERROR NO. I A TRIAL COURT DENIES A DEFENDANT RIGHTS UNDER DUE PROCESS OF LAW WHEN IT FAILS TO HOLD A FULL, FAIR AND IMPARTIAL HEARING ON A PRESENTENCE MOTION TO WITHDRAW A GUILTY PLEA.
 ASSIGNMENT OF ERROR NO. III A TRIAL COURT ABUSES ITS DISCRETION WHEN IT FAILS TO ALLOW A DEFENDANT TO WITHDRAW A GUILTY PLEA WHEN CAUSE IS SHOWN THAT SUCH A PLEA SHOULD BE WITHDRAWN.
 ASSIGNMENT OF ERROR NO. IV WHEN A PLEA IS RENDERED ON ADVICE OF COUNSEL AND THAT ADVICE CONSTITUTES INCORRECT LEGAL ADVICE AND OR IS THE PRODUCT OF INEFFECTIVE ASSISTANCE OF COUNSEL, SUCH A PLEA MUST BE VACCATED.
 ASSIGNMENT OF ERROR NO. V IT IS PLAIN ERROR WHEN A COURT IMPOSES ON A DEFENDANT MULTIPLE SENTENCES FOR ALLIED OFFENSES OF SIMILAR IMPORT.
 {¶ 19} Based upon our disposition of Cox's second assignment of error, we find that Cox's first, third, fourth, and fifth assignments of error are moot. *Page 12 
 {¶ 20} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
SHAW and WILLAMOWSKI, JJ., concur.
[1] This court simply notes that the sentence imposed by the trial court was actually less than the jointly recommended sentence. The jointly recommended sentence recommended that the kidnapping sentences be served concurrent to each other but consecutive to the prison termimposed on count one, for an aggregate prison term of eight years. During the sentencing hearing and in the sentencing entry, however, the trial court sentenced Cox to five years on the aggravated robbery and three years on each kidnapping charge, and ordered the sentences be served concurrently with one another, for an aggregate prison sentenceof five years. *Page 1