DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, R.P., appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that classified him as a juvenile sex offender registrant. Defendant also challenges the trial court's prospective determination that he would be designated a Tier III offender according to the provisions of the Adam Walsh Act. We affirm.
 {¶ 2} On November 9, 2005, the trial court adjudicated Defendant a delinquent child by virtue of committing the crime of complicity to rape, a violation of R.C. 2907.02. The trial court designated Defendant a serious youthful offender pursuant to R.C. 2152.13, committed him to the custody of the Department of Youth Services for a maximum term up to his twenty-first birthday, and sentenced him to a three-year term of incarceration as the adult portion of his sentence. The trial court ordered that the adult portion of Defendant's sentence would be suspended upon successful completion of the juvenile disposition and ordered that Defendant appear for classification pursuant to R.C. Chapter 2950 at the time of his release from custody. *Page 2 
 {¶ 3} Defendant completed his juvenile disposition and appeared before the trial court for classification on October 19, 2007. During the classification hearing, the trial court found Defendant to be a juvenile offender registrant and informed him of his registration requirements under the then-existing version of R.C. Chapter 2950. The trial court also observed that Defendant would be designated a Tier III offender under the provisions of the "Adam Walsh Act," Am. Sub. S.B. 10 (the "AWA"), effective January 1, 2008, and summarized his future registration requirements under that legislation. The trial court's order, also dated October 19, 2007, set forth Defendant's registration obligations as a juvenile offender registrant under then-existing law and ordered him to register with the Richland County Sheriff within five days. Defendant timely appealed.
 ASSIGNMENT OF ERROR I "Retroactive application of Ohio's Adam Walsh Act violates the prohibition on ex post facto laws in Article I, Section 10 of the United States Constitution and the retroactivity clause of the Ohio Constitution, Section 28, Article II[.]"
 {¶ 4} In his first assignment of error, Defendant challenges application of the sex offender registration provisions of the AWA to him. Specifically, Defendant maintains that because he was adjudicated delinquent and committed to the Department of Youth Services in 2005 after admitting the allegations against him, application of the AWA subjected him to increased reporting burdens and to public registration for the remainder of his life. Defendant's constitutional arguments, however, are not properly before this Court.
 {¶ 5} It is fundamental that courts speak through their journal rather than by oral pronouncement. Radcliff v. Steen Elec, Inc.,164 Ohio App.3d 161, 2005-Ohio-5503, at ¶ 56, citing State ex rel. Indus. Comm.v. Day (1940), 136 Ohio St. 477, paragraph one of the syllabus. In this case, the judgment from which Defendant has appealed indicates that the trial court *Page 3 
classified Defendant as a juvenile sex offender registrant, in accordance with the terms of former R.C. 2950.01(J) and former R.C. 2152.83, and informed Defendant of his registration obligations under then-existing law. Although the trial court went to some lengths to explain Defendant's future classification under the AWA to Defendant on the record, the journal entry does not classify Defendant under the AWA or set forth the concomitant registration requirements. He has, therefore, appealed from an order that classified him as a juvenile offender registrant under the versions of R.C. Chapters 2950 and 2952 that were in effect on October 19, 2007. Because Defendant has not yet been classified under the AWA, his constitutional challenge to the AWA is premature. See, generally, R.C. 2152.82(D) and 2152.86 (requiring classification of certain juvenile offender registrants as public registry-qualified juvenile offenders after January 1, 2008, and providing the opportunity to be heard in opposition to the classification and to appeal); R.C. 2950.03(A)(5)(a) and R.C. 2950.03(A)(1) (requiring the Ohio Attorney General to provide notice of classification under the AWA to juveniles who have registered pursuant to then-existing law before December 1, 2007); R.C. 2950.031(A)(2) and (E) (describing the right to petition the juvenile court for a hearing and providing for an appeal from the juvenile court's determination of the petition).
 {¶ 6} Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "The juvenile court erred when it classified [Defendant] as a juvenile offender registrant because as of July 1, 2007, there existed no statutory authority to conduct a juvenile sex offender classification hearing."
 {¶ 7} Defendant's second assignment of error is that the trial court erred by conducting a classification hearing. He argues that the former versions of R.C. 2152.02, 2152.83, and 2950.01, which permitted his classification as a juvenile offender registrant, were repealed by *Page 4 
Am. Sub. S.B. 10, Section 4, effective July 1, 2007, but the amendments thereto were not effective until January 1, 2008.
 {¶ 8} Defendant did not raise this objection to the trial court and therefore forfeited the opportunity to raise it on appeal. State v.Butler, 9th Dist. No. 23786, 2008-Ohio-781, at ¶ 31, citing State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 23. Because Defendant has not argued plain error, this Court will not engage in a plain error analysis. Butler at ¶ 31. Defendant's second assignment of error is overruled.
 {¶ 9} Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 5 
Costs taxed to Appellant.
 CARR, P. J. DICKINSON, J. CONCUR. *Page 1