OPINION *Page 2 
{¶ 1} Defendant-appellant, Terry Eugene Worthington (hereinafter "Worthington"), appeals the judgment of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On September 4, 2007, the Marion County Grand Jury indicted Worthington on count one of sexual battery, in violation of R.C. 2907.03(A)(5), a third degree felony; count two of sexual battery, in violation of R.C. 2907.03(A)(9), a third degree felony; count three of rape, in violation of R.C. 2907.02(A)(2), a first degree felony; and count four of kidnapping, in violation of R.C. 2905.01(A)(4), a first degree felony. On October 23, 2007, the defendant pled guilty to count one of sexual battery, and the trial court accepted the guilty plea. The trial court entered a nolle prosequi as to counts two, three, and four.
 {¶ 3} On November 20, 2007, the trial court sentenced Worthington to five years imprisonment. The trial court further found "that the defendant is a sexually oriented offender under current law, and will be classified as a Tier III sexual offender effective January 1, 2008, and was advised of his registration duties, which is addressed in a separate notice filed November 15, 2007."
 {¶ 4} Worthington filed his notice of appeal on December 18, 2007 and an amended notice of appeal two days later. *Page 3 
 {¶ 5} It is from the trial court's judgment of conviction, sentence, and sex offender registration requirement that Worthington appeals and asserts four assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I SINCE R.C. 2950.01 ET. SEQ. ARE UNCONSTITUTIONAL, THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A TIER III SEXUAL OFFENDER.
 {¶ 6} In his first assignment of error, Worthington argues that the trial court found him to be a Tier III sex offender prior to the effective date of the statute. Worthington argues that SB 10 imposes punishment. Further, Worthington argues that although no objection was made at the plea or sentencing hearing, the error constitutes plain error as it affects a substantial right. Worthington argues that the new provisions in SB 10 cannot be applied retroactively to him without violating the Ex Post Facto and Double Jeopardy Clauses of the United States Constitution. Further, Worthington argues that SB 10 violates the Ohio Constitution's prohibition against retroactive laws and violates the due process clause of the Ohio and United States Constitutions.
 {¶ 7} In the trial court's sentencing entry, the trial court stated:
 The Court finds that the defendant is a sexually oriented offender under current law, and will be classified as a Tier III sexual offender effective January 1, 2008, and was advised of his registration duties, which is addressed in a separate notice filed November 15, 2007. *Page 4 
 {¶ 8} A trial court speaks "through their journal rather than by oral pronouncement." In re R.P., 9th Dist. No. 23967, 2008-Ohio-2673, ¶ 5, citations omitted. The trial court's sentencing entry did not classify Worthington as a Tier III sex offender, but rather classified him as a "sexually oriented offender" and provided that Worthington will be
classified as a Tier III sex offender effective January 1, 2008. While the trial court explained the notification requirements of a Tier III sex offender, the trial court's sentencing entry does not classify Worthington as a Tier III sex offender, instead it merely stated that Worthington will be a Tier III sex offender. (Tr. 11/15/07, 20-22); SeeIn re R.P., 2008-Ohio-2673, at ¶ 5 (The court found that a juvenile sex offender had not been classified under the Adam Walsh Act, and thus, "his constitutional challenge to the AWA [was] premature.").
 {¶ 9} Accordingly, we find that since Worthington has yet to be classified as a Tier III sex offender, his assignment of error arguing that SB10 is unconstitutional is premature.
 {¶ 10} Worthington's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II THE TRIAL [SIC] ERRED IN GIVING THE APPELLANT THE MAXIMUM FIVE YEAR SENTENCE.
 {¶ 11} Worthington argues, in his second assignment of error, that the trial court erred when it sentenced him to the maximum sentence of five years. *Page 5 
Worthington requests that this Court, pursuant to R.C. 2953.08, reduce his five year prison term to a three year prison term.
 {¶ 12} "[A] reviewing court may only disturb a trial court's sentence if it finds by clear and convincing evidence that either the record does not support the sentencing court's findings under the relevant statute or that the sentence is contrary to law." State v. Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 18, citations omitted ("the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *"). The defendant has the "burden of showing by clear and convincing evidence that the trial court's sentencing is not supported by the record or is contrary to law." Id., citing State v. Rhodes, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4. "Clear and convincing evidence is that `which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Id., quotingCross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.[1]
 {¶ 13} Worthington was convicted of sexual battery, a third degree felony. The sentencing range for a third degree felony is one, two, three, four, or five *Page 6 
years imprisonment. R.C. 2929.14(A)(3). The trial court sentenced Worthington to a maximum prison sentence of five years.
 {¶ 14} Worthington argues that the record contains his trial counsel's statement that "there had been a significant period of time from [his] last felony; that he had stayed out of trouble for a significant period of time; that as to the level of physical violence to the victim, as demonstrated by hospital reports, there was a bruise; that [he] regretted what had occurred and believed he was subject to rehabilitation." (Appellant's brief at 14).
 {¶ 15} At the sentencing hearing, however, the prosecutor stated that the conduct in this case involved a forced sexual encounter with Worthington's stepdaughter, and that Worthington had six prior felony convictions in three different cases.[2] (Tr. 11/15/07, 17).
 {¶ 16} At the sentencing hearing, the trial court stated on the record that it had considered the presentence investigation. (Tr. 11/15/07, 16). In addition, the trial court's sentencing entry provided:
 Thereafter, on November 15, 2007, the defendant appeared in court with his attorney for a sentencing hearing. The Court has considered the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and the appropriate factors under R.C. 2929.12.
(JE 11/20/07). *Page 7 
 {¶ 17} Worthington had a previous felony record, including two theft convictions, a breaking and entering conviction, and a conviction on two counts of receiving stolen property. In addition, the presentence investigation reveals that Worthington has an extensive misdemeanor record including convictions for: criminal damaging, obstructing official business, criminal trespass, assault, violation of protection order, disorderly conduct, domestic violence, and driving under suspension. In the present case, Worthington engaged in a forced sexual encounter with a seventeen year old girl. Given the extent of Worthington's criminal record and the crime Worthington pled guilty to in the present case, the trial court's imposition of a maximum sentence was supported by the record.
 {¶ 18} After reviewing the record, we find that Worthington did not show by clear and convincing evidence that his conviction was not supported by the record or was contrary to law. As a result, this Court will not modify the sentence imposed by the trial court.
 {¶ 19} Worthington's second assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. III APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
 {¶ 20} In his third assignment of error, Worthington argues that his trial counsel was ineffective because: 1.) counsel informed him that he would be subject to judicial release after six months, but the trial court informed him that he *Page 8 
would not be eligible for judicial release until he had been in prison for four years; 2.) confusion over whether to request a PSI; 3.) trial counsel failed to object to the constitutionality of SB 10; 4.) trial counsel failed to object to the maximum sentence.
 {¶ 21} "It is well-settled that in order to establish a claim of ineffective assistance of counsel, appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense." State v. Price, 3d Dist. No. 13-05-03, 2006-Ohio-4192, ¶ 6, citing State v. Kole (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674. "To warrant reversal, the appellant must show that there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different." Id., citingState v. Strickland, 466 U.S. at 687. To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant "must show there is a reasonable probability that, but for counsel's deficient or unreasonable performance, the defendant would not have pled guilty." State v. Schmidt, 3d Dist. No. 15-05-18, 2006-Ohio-2948, ¶ 32, citing State v. Xie, 62 Ohio St.3d 521, 524, 584 N.E.2d 715, citingHill v. Lockhart (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.E.2d 203;Strickland, 466 U.S. at 687. *Page 9 
 {¶ 22} R.C. 2929.20(B) governs eligibility for judicial release and provides, in pertinent part:
 Except as otherwise provided in division (B)(3) or (4) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.
 If the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term.
 {¶ 23} As previously noted, Worthington pled guilty to a third degree felony and the sentencing range for a third degree felony is one, two, three, four, or five years. R.C. 2929.14(A)(3). If the trial court imposed a prison term of one, two, three, or four years, then Worthington may file a motion for judicial release after he was in a state correctional institution for one hundred eighty (180) days; however, if the trial court imposed a five year prison term then Worthington may not file a motion for judicial release until after he had served four years in prison. R.C. 2929.20(B)(2)and (B)(3).
 {¶ 24} At the change of plea hearing the following discussion took place regarding judicial release and the PSI:
 MR. SLAGLE: * * * It is my understanding, and we've discussed with defense counsel, that the prison term is not mandatory on that charge, and he would be eligible to file, if given a prison term, would be eligible to file for Judicial Release after he served at least six months in prison. However, we will be opposed to it, and we would hope the Court would deny it at that time. *Page 10 
 * * *
 THE COURT: Okay. I believe you indicated that this gentleman is eligible despite the fact that you're going to oppose it, but he's eligible to file for Judicial Release after how long?
 MR. SLAGLE: Six months. Felony 3.
 THE COURT: On a five year sentence?
 MR. SLAGLE: Oh, that is — you're correct. I had — that's — yeah, I did misstate that. He'd be eligible — if the Court gives him the five year sentence that we'd recommended, you're correct, he would not be eligible to file for Judicial Release until four years. If he were given a one, two, three, or four year sentence he would be eligible after six months. But you're correct, if he's given a five year sentence, which we've recommended, then he would not be eligible for four years, and I say we're opposed to it whether it's at four years or six months or anytime in between.
 THE COURT: That change anything for you?
 MR. ZEIGLER: My client signed the plea agreement under the supposition he could apply after six months, or after one year. What do you want to do Mr. Worthington? You're not eligible for Judicial Release for at least four years.
 MR. SLAGLE: If the Court gives him the five year sentence as recommended.
 THE COURT: You want some time to talk?
 MR. ZEIGLER: Yes, he does. He wants time to talk.
 THE COURT: Okay. Let me know.
 —
 (Thereupon, there was a pause in the proceedings, after which the Court Reporter was present during the subsequent proceedings.)
 —
 THE COURT: Alright. We're back on the record; 07 CR 293, State of Ohio vs. Terry Worthington. Defendant's still present with counsel; State's represented by the Prosecuting Attorney.
 Where are we at this point.
 MR. ZEIGLER: My understanding is Mr. Slagle's gonna still recommend a five year sentence. We don't necessarily agree with that. We understand it's his recommendation. My client has not had significant felony difficulties for the last seven years. He has had some misdemeanors. He believes that a sentence of three to four years is more appropriate so he can apply for *Page 11 Judicial Release in a couple of years. With that understanding he'd like to enter a plea.
 MR. SLAGLE: Will he want to proceed to sentencing today or does he want to have a PSI?
 MR. ZEIGLER: He wants to proceed to sentence today.
 THE COURT: Without a Presentence Investigation I'm not going to be in much of a position to settle a dispute regarding sentencing.
 MR. ZEIGLER: Normally that would take five to six weeks, wouldn't it?
 THE COURT: Yeah.
 MR. ZEIGLER: He wants to go ahead and plead.
 THE COURT: Well, the issue is does he want a Presentence Investigation?
 MR. ZEIGLER: The answer is he doesn't, it's my understanding if — if I were you — under these circumstances I would go with a Presentence Investigation. Okay. Because that way you've got something going to the Judge on, otherwise you don't have anything going to the Judge.
 Initially when we ordered — I mean, under the supposition as Mr. Slagle had suggested that Judicial Release was possible after six months. My recommendation that to not do the PSI, go directly to the penitentiary because you're just delaying your application time for the Judicial Release. Now you're not. Okay. Do the PSI?
 THE DEFENDANT: (Nods head affirmatively).
(Tr. 10/23/07, 4-7).
 {¶ 25} Although the prosecution and defense may have been mistaken in regards to the amount of prison time the defendant must serve before he would be eligible for judicial release at the time the plea negotiations were conducted, Worthington was informed that he would not be eligible for judicial release for four years if the trial court sentenced him to a five year prison term and that information was given to him before he entered his guilty plea. The trial court *Page 12 
also gave Worthington an opportunity to discuss judicial release with his attorney, after the discussion regarding his eligibility for judicial release, and Worthington and his attorney did discuss the issue prior to entering his change of plea.
 {¶ 26} After Worthington was correctly informed about his eligibility for judicial release, Worthington still proceeded to plead guilty. As a result, Worthington has failed to show that there is a reasonable probability that but for his trial counsel's performance he would not have pled guilty. Schmidt, 2006-Ohio-2948, at ¶ 32, citations omitted.
 {¶ 27} Worthington also points to the confusion regarding the PSI and whether to proceed to sentencing without conducting a PSI. Worthington has failed to show that but for his trial counsel's performance he would not have pled guilty. Id. In fact, the record indicates that Worthington decided to have a PSI conducted prior to pleading guilty.
 {¶ 28} Worthington also argues that his trial counsel was ineffective because he failed to object to the constitutionality of SB 10. However, since we found, in the first assignment of error, that the trial court has not yet classified Worthington as a Tier III sex offender and that his appeal arguing SB 10's constitutionality was premature, Worthington's trial counsel was not ineffective for failing to argue the constitutionality of the new sex offender registration law.
 {¶ 29} Worthington also maintains that his trial counsel was ineffective because he did not object to the maximum sentence imposed by the trial court. *Page 13 
However, we find that Worthington has not demonstrated that the outcome of his sentencing hearing would have been different, in light of his prior criminal record and the crime to which he pled guilty in the present case, but for his trial counsel's failure to object to the sentence imposed by the trial court. Price, 2006-Ohio-4192, at ¶ 6, citing Strickland, 466 U.S. at 687.
 {¶ 30} Worthington's third assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. IV APPELLANT'S PLEA WAS INVOLUNTARILY MADE. {¶ 31} Worthington maintains in his fourth assignment of error that his plea was involuntarily made because of his confusion regarding judicial release. Worthington maintains that he signed the plea agreement under the assumption that he could apply for judicial release after six months or one year. In addition, Worthington argues that there was confusion over whether he should request a PSI.
 {¶ 32} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." State v.Engle (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450; State v.Horch, 154 Ohio App.3d 537, 2003-Ohio-5135, 797 N.E.2d 1051, ¶ 3, citations omitted; State v. Bush, 3d Dist. No. 14-2000-44, 2002-Ohio-6146, ¶ 11, citations omitted.
 {¶ 33} In Bush, this Court found that a defendant's guilty plea was not made knowingly or intentionally when both the defendant and the trial court were *Page 14 
acting under the erroneous assumption that the defendant would be eligible for judicial release after thirty days, but the defendant was not actually eligible for judicial release until after he had served five years of his prison sentence. 2002-Ohio-6146, at ¶ 11.
 {¶ 34} Similarly, this Court found in Horch, 2003-Ohio-5135, that Horch's guilty plea was not knowingly and intelligently made when both the guilty plea form and the statements provided in the trial court's colloquy provided information regarding judicial release that was not entirely accurate. Horch was convicted of a third degree felony and was subject to a prison term of one, two, three, four, or five years. Id. at ¶ 5, citing R.C. 2929.14(A)(3). The trial court informed Horch that if she was sentenced to a prison term she would be eligible for judicial release after 180 days. Id. at ¶ 7. This court noted that under R.C. 2929.20, if the stated prison term imposed for a felony of a third degree is one, two, three, or four years, then the offender can apply for judicial release after 180 days of incarceration at a state correctional facility; "[h]owever, when an offender is sentenced to a stated prison term of five years, as Horch was, the motion for judicial release may not be filed until the offender has served four years of that sentence." Id. at ¶ 5, citing R.C. 2929.20(B)(2), (B)(3). Thus, we found that the trial judge and the plea form "incorrectly stated Horch's eligibility for judicial release if she were sentenced to five years of imprisonment", the eligibility *Page 15 
difference "amount[ed] to a significant time differential," and that Horch's plea was not entered knowingly or intelligently. Id. at ¶ 7.
 {¶ 35} The present case is different from Bush and Horch. In the present case, the trial court was aware that the statements regarding Worthington's eligibility for judicial release were wrongly stated. As we noted in the previous assignment of error, Worthington was informed of the possibility that he may not be eligible for judicial release until after he had served four years imprisonment prior to his plea being entered, which was a correct statement of Worthington's eligibility for judicial release if the trial court imposed a five year prison term. The trial court gave Worthington the opportunity to discuss the judicial release issue with counsel. After being correctly informed about his eligibility for judicial release, Worthington chose to plead guilty. Since Worthington was informed of the correct judicial release eligibility requirements prior to pleading guilty and he still decided to plead guilty, the fact that he was initially misinformed regarding eligibility for judicial release did not affect whether his guilty plea was knowingly, intelligently, and voluntarily entered.
 {¶ 36} In addition, there is no indication that the confusion over whether Worthington should proceed with or without a PSI affected the knowing, intelligent, or voluntary nature of Worthington's plea.
 {¶ 37} Accordingly, Worthington's fourth assignment of error is overruled. *Page 16 
 {¶ 38} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and ROGERS, J., concur.
[1] This court notes that on May 21, 2008, the Ohio Supreme Court heard oral arguments in the case of State v. Kalish (Ohio Supreme Court Case No. 2007-1703) on the issue of whether the clear and convincing or abuse of discretion standard is the proper standard of review to be applied by an appellate court when reviewing a sentence. Although we have applied the clear and convincing evidence standard in this case, we note that the same conclusion would have been reached applying an abuse of discretion standard.
[2] The PSI indicates that the victim was not his stepdaughter, but rather, his girlfriend's daughter. *Page 1