OPINION *Page 2 
{¶ 1} Defendant-appellant, Omar Sharrieff (hereinafter "Sharrieff"),[1] appeals the judgment of the Logan County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On November 14, 2006, the Logan County Grand Jury indicted Sharrieff on count one of trafficking in cocaine, in violation of R.C.2925.03(A)(1), a fifth degree felony; and count two of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), a fifth degree felony with a forfeiture specification for the sum of $1,104 pursuant to R.C.2925.42. The charges stemmed from the October 10 and October 11, 2006, controlled buys by confidential informants.
 {¶ 3} A jury trial was held, and the jury found Sharrieff not guilty of count one, but guilty of count two. The jury also found that the currency was subject to forfeiture to the State of Ohio. The trial court subsequently sentenced Sharrieff to a ten month term of imprisonment, and ordered that the $1,104.00 in currency be forfeited to the Logan County Sheriffs Office.
 {¶ 4} It is from this judgment that Sharrieff appeals and asserts two assignments of error. Since both of Sharrieff s assignments of error raise *Page 3 
ineffective assistance of trial counsel claims, we will combine his assignments of error.
 ASSIGNMENT OF ERROR NO. I The soliciting of the ownership of the money in question by defendants' [sic.] counsel constituted ineffective assistance of counsel.
 ASSIGNMENT OF ERROR NO. II The extremely brief questioning during jury selection is ineffective assistance of counsel.
 {¶ 5} In his first assignment of error, Sharrieff argues that he received ineffective assistance of counsel because his trial counsel questioned him on direct testimony whether the money that was found was his money, and this amounted to Sharrieff making an admission about money which included "buy money." Further, Sharrieff argues that since he was found guilty on count II but not found guilty on count I, the admission clearly prejudiced him. Sharieff also asserts that his trial counsel was ineffective because the trial counsel called him on direct, which was something that yielded no positive facts and, in fact, convicted him on count II. *Page 4 
 {¶ 6} Sharrieff argues, in his second assignment of error, that his trial counsel was ineffective because of his trial counsel's failure to conduct a more thorough inquiry of the jury during jury selection.
 {¶ 7} "It is well-settled that in order to establish a claim of ineffective assistance of counsel, appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense." State v. Price, 3d Dist. No. 13-05-03, 2006-Ohio-4192, ¶ 6, citing State v. Kole (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674. "To warrant reversal, the appellant must show that there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different." Id., citingStrickland, 466 U.S. at 687.
 {¶ 8} At trial the following testimony occurred in reference to the drug money:
 Q. Okay. Okay. When you were arrested on October 12 —
 A. Yeah.
 Q. — where did that take place?
 A. At Tamika Carter's house where I always be.
 Q. And was that your cell phone?
 A. Yes. Yes.
 Q. Okay. And was the money, was this your money?
 A. Yes.
 Q. Well, how do you explain having the $60 of that prerecorded money in your possession.
 A. You know, I used to loan money out to, you know, to Mr. Cane, or something. You know, when they need. *Page 5 
 Q. Okay. But you stated that you did not sell drugs.
 A. I did not sell them. Only thing I did is you know, gave her money so she could get drugs.
(T. March 20 21, 2007, 179-180.)
 {¶ 9} Andy Borba, a detective at the Logan County Sheriff's Office, testified that he searched Tamika Carter's house and located Omar sitting on a bed in the bedroom. (Id. at 141-142). Borba testified that he searched the "immediate area right around where [Omar] was at" and found $1164 in cash in a pillowcase along with a plastic bag of marijuana. (Id. at 143). According to Borba, three twenty-dollar bills of that money was recorded buy money from the October 11, 2006 drug buy. (Id. at 144).
 {¶ 10} Given Borba's testimony that Sharrieff was found in the vicinity of the money, the jury could have reasonably inferred that the money was Sharrieff's even without his testimony. Sharrieff's trial counsel asked regarding the ownership of the money, which included money from the drug buy, and also asked why the money included drug buy money. (Id. at 179-180). Sharrieff testified that the money was his and offered a reason for the buy money. (Id.). The questions asked by Sharrieff's trial counsel were clearly a part of trial strategy to account for why Sharrieff had money from a drug buy in his vicinity. The mere fact that Sharrieff was convicted of one count, but acquitted on another count does *Page 6 
not demonstrate that the outcome of his trial clearly would have been different but for his trial counsel's question.
 {¶ 11} Accordingly, we find Sharrieff has failed to demonstrate that but for his trial counsel's question regarding ownership of the money that the outcome of his trial clearly would have been different.
 {¶ 12} Moreover, whether a defendant testifies at his trial is "purely a tactical decision." State v. Ryan, 6th Dist. No. WD-05-5120,2006-Ohio-5120, ¶ 23, citing State v. Bey (1999), 85 Ohio St.3d 487,499, quoting Brooks v. Tennessee (1972), 406 U.S. 605, 612. "Since the advice of an attorney to their client regarding the decision to testify is a tactical decision, it cannot be challenged on appeal on the grounds of ineffective assistance of counsel, unless it is shown that the decision was the result of coercion." Id., citations omitted.
 {¶ 13} Accordingly, we find that since there was no allegation that the decision to have the defendant testify was the result of any coercion, that the decision for Sharrieff to testify was a tactical decision. Thus, Sharrieff testifying at the trial did not constitute ineffective assistance of counsel.
 {¶ 14} In addition, "[t]rial counsel is given broad discretion in how to conduct voir dire and into what areas he should inquire. Such discretion falls into the category of `trial tactics.'" State v.Ester (Dec. 31, 1990), 3d Dist. No. 15-89-5, at *2, citations omitted. *Page 7 
 {¶ 15} Thus, we find that the decision of trial counsel regarding what areas to inquire into or not inquire into during jury selection was a matter of trial tactics. Sharrieff has failed to demonstrate that but for his trial counsel's brief questioning of the jury during jury selection that the outcome of his trial clearly would have been different. There is no allegation that any individuals serving on the jury were unfair or biased. Thus, Sharrieff has failed to establish that he was provided ineffective assistance of counsel.
 {¶ 16} Sharrieff s first and second assignments of error are, therefore, overruled.
 {¶ 17} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW and WILLAMOWSKI, JJ., concur.
[1] The defendant-appellant's last name is spelled Sharrieff in the trial court's documents; however, his last name is spelled Sherrieff in the appellant's brief. Throughout this opinion, we will use the spelling found in the trial court's documents. *Page 1