OPINION
{¶ 1} Defendant-appellant Dion Florence ("Florence") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his post-sentence Motion to Withdraw Guilty Plea without a hearing.
 {¶ 2} On November 16, 2001, an indictment was filed against Florence charging him with four counts of aggravated robbery with a firearm specification. Counsel was appointed for Florence. On December 14, 2001, a plea agreement was reached in which Florence tendered guilty pleas to all four charges of aggravated robbery and two of the firearm specifications. The remaining firearm specifications were dismissed by the State pursuant to the agreement. The trial court then sentenced Florence to eight years on each of the charges plus three mandatory years for the firearm specifications. The trial court ordered that the prison terms in counts two and three were to be served concurrently with all other sentences. The trial court then ordered that the prison terms imposed on counts one and four, as well as the mandatory firearm specifications, would be served consecutively to each other for a total of 22 years in prison. On August 27, 2003, Florence filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1 The trial court overruled this motion without a hearing on August 29, 2003. It is from this judgment that Florence appeals and raises the following assignments of error.
The trial court erred when it stated to [Florence] that hewould be eligible for judicial release pursuant to [R.C. 2929.20]and then sentenced him to eleven cumulative years on two countsmaking him ineligible for judicial release at any time.
 The trial court abused its discretion when it refused to allow[Florence] to withdraw his guilty pleas when it was clear that hewas misinformed that he would be eligible for judicial releasethus offending the requirements of Criminal Rule 11(C)(2)(a).
 The trial court abused its discretion when it refused toapprove [Florence's] motion to withdraw his guilty plea aftersentencing to correct the manifest injustice of misinforming himthat he would be eligible for judicial release, pursuant toCrim.R. 32.1, at some point in his prison term.
 {¶ 3} Florence's assignments of error all deal with whether he should have been allowed to withdraw his guilty plea after he was sentenced.
A motion to withdraw a plea of guilty or no contest may bemade only before sentence is imposed; but to correct manifestinjustice the court after sentence may set aside the judgment ofconviction and permit the defendant to withdraw his or her plea.
Crim.R. 32.1. Florence claims that the motion to withdraw his plea should have been granted for three reasons: (1) the trial court should not have told him that he would be eligible for judicial release; (2) he was misinformed about the possibility of judicial release; and (3) this misinformation led to a manifest injustice. At the sentencing hearing, the following dialogue occurred.
The Court: And do you understand each of the firearmspecifications, if you would plead guilty on count one and countfour, each of those carry with them a mandatory three yearincarceration. Do you understand that?
 Mr. Florence: Yes.
 The Court: Okay. Now with respect to the felonies of the firstdegree themselves, not counting the firearm specification, eachcount, each felony of the first degree carries with it potentialprison, in fact it's a presumed prison sentence. It's notmandatory and we'll talk — I'll talk a little bit more about whatthat means. But it's presumed you get a prison sentence on eachone of those felonies of the first degree, and that could beanywhere from three to ten years. Do you understand that?
 Mr. Florence: Yes.
* * *
The Court: There are also the mandatory nature of the firearmspecifications means, you have to serve that. There's this thingthat's called judicial release, they used to call it parole whereyou can get out of prison early — that's the Court's discretion.You can't — when you're in on the firearm specifications, youcan't — you're not eligible for judicial release during the termsof those firearm specifications. You understand that?
 Mr. Florence: Yes
 The Court: You are eligible for judicial release after youserve the time for the firearm specifications — you're eligible.On felonies of the first degree, you would be eligible dependingupon what the sentence is. Since the sentence range is three toten, there's three different things you've got to look at.
 If it's between three to four — three or four years sentence,you're eligible in six months after you do the mandatory time. Ifit's a five year sentence, you're eligible after four years. Ifit's anything above five — between five and ten, you have to waitfive years before you're eligible. Do you understand that?
 Mr. Florence: Yes.
 The Court: Okay. Again, that is after you do the mandatory gunspecks.
 Mr. Florence: Okay.
 The Court: Okay. And that just means eligible. That doesn'tnecessarily — I'm not saying that that's — you're going to getit, or that you're not going to get it. It means you can file,and as I do on every case, I look at each case individually anddetermine, based on what's before me at that point and what'shappened to the person while they've been incarcerated, whetherto grant judicial release. I take a look at the whole case andthe history and everything. But that just means eligibility.
 Also I need to let you know — make sure you understand that ifyou plead guilty to four counts, and the State has made arecommendation that count one and count four * * * be consecutiveto each other, or back-to-back, meaning a sentence servedback-to-back. But they're also having not — no objection to twoand three being ran concurrent to each other and concurrent tothe other two. Do you understand what that means? Concurrentmeans they're run together?
 Mr. Florence: Right, okay.
 The Court: Do you understand that?
 Mr. Florence: Yes.
Tr. 5-9.
 {¶ 4} At the time the plea was entered, Florence was informed by the trial court that he would be eligible for judicial release after he had served his mandatory sentences, as well as the minimum required for eligibility for judicial release. At no time did the trial court inform Florence that if the sentence exceeded 10 years, he would not be eligible for judicial release. This court has previously held that a guilty plea in which the defendant was incorrectly informed of eligibility for judicial release was not entered knowingly or intelligently. See State v.Horch, 3rd Dist. No. 14-03-15, 2003-Ohio-5135, and State v.Bush, 3rd Dist. No. 14-2000-44, 2002-Ohio-6146. Since Florence was misinformed as to his possible eligibility for judicial release, his plea was not entered knowingly or intelligently and the trial court erred in accepting the plea. The assignments of error are sustained.
 {¶ 5} The judgment of the Court of Common Pleas of Allen County is reversed and the matter is remanded for further proceedings.
Judgment reversed and cause remanded.
SHAW, P.J., and CUPP, J., concur.