JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Devere Ealom, appeals his aggravated robbery conviction. We reverse and remand.
 {¶ 2} Ealom was charged in a three-count indictment as follows: kidnapping with a one- and three-year firearm specification, notice of prior conviction, and repeat violent offender specification; aggravated robbery with a one- and three-year firearm specification, notice of prior conviction, and repeat violent offender specification; and having a weapon while under disability.
 {¶ 3} After being evaluated by the court's Psychiatric Clinic, the case was transferred to the mental health docket.
 {¶ 4} Ealom withdrew his previously entered not guilty plea and pleaded guilty to aggravated robbery, with a three-year firearm specification, notice of prior conviction, and repeat violent offender specification; the remaining counts and specifications were dismissed. The trial court sentenced him to an 11-year term.
 {¶ 5} In his three assignments of error, Ealom seeks to vacate his plea[1] as not being knowingly, intelligently, and voluntarily made on the following *Page 4 
grounds, respectively: 1) the court misinformed him about judicial release; 2) his counsel was ineffective; and 3) the court failed to inform him that the period of postrelease control was mandatory. We reverse on the first ground. In particular, we find that the court led Ealom to believe that he would be eligible for judicial release in three-and-a-half years, when, in fact, he will not be eligible at all for judicial release. Specifically, R.C. 2929.20, governing judicial release, defines an "eligible offender" as any person who is serving a prison sentence of ten years or less. Ealom was sentenced to an 11-year term and, therefore, was not an "eligible offender."
 {¶ 6} Under Crim. R. 11, the trial court must inform felony defendants of various constitutional and nonconstitutional rights prior to accepting a guilty plea. This requirement "ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered knowingly, intelligently, and voluntarily." State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 11, 814 N.E.2d 51.
 {¶ 7} With respect to constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard (1981),66 Ohio St.2d 473, 479-480, 423 N.E.2d 115. *Page 5 
 {¶ 8} Under the broader standard for rights not protected by the constitution, substantial compliance with Crim. R. 11(C) is sufficient.State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. at 108, citing State v. Stewart (1977),51 Ohio St.2d 86, 364 N.E.2d 1163. "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." State v. Caplinger (1995), 105 Ohio App.3d 567, 572,664 N.E.2d 959, citing Nero, supra at 108-109.
 {¶ 9} An inquiry into the voluntariness of a plea does not end with the determination as to whether the trial judge complied with Crim. R. 11(C). "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *** The test is whether the plea would have otherwise been made." Nero, supra at 108, citing Stewart, supra at 93.
 {¶ 10} Here, the record demonstrates that the court explained Ealom's constitutional rights "in a manner reasonably intelligible" to him. In regard to his other rights, specifically those relating to judicial release, we are not convinced that Ealom "appreciated the effect of his plea and his waiver of rights *Page 6 
in spite of the trial court's error." Caplinger at 572. The following exchange occurred between the court and Ealom on the issue of judicial release:
 {¶ 11} "THE COURT: And during that period of mandatory sentencing, which is the three-year firearm specification, you are not eligible for judicial release or community control.
 {¶ 12} "Do you understand that?
 {¶ 13} "MR. EALOM: Yes, sir."
 {¶ 14} The dialogue continued later in the hearing:
 {¶ 15} "THE COURT: Now, you are not eligible for community control or judicial release.
 {¶ 16} "Do you understand that?
 {¶ 17} "MR. EALOM: I'm not?
 {¶ 18} "THE COURT: You are not because of the mandatory sentence. During that period of mandatory sentencing, you are not eligible for judicial release for at least that three-year period of time plus six months. So the first time you can become eligible for judicial release would be a minimum of three and a half years.
 {¶ 19} "Do you understand that?
 {¶ 20} "MR. EALOM: Yes."
 {¶ 21} Further, at sentencing, the court stated: *Page 7 
 {¶ 22} "THE COURT: *** Since prison time is mandatory, he's not eligible for community control or judicial release during the period of mandatory sentencing."
 {¶ 23} In State v. Cvijetinovic, Cuyahoga App. No. 81534, 2003-Ohio-563, this court declined to vacate the defendant's plea based on the defendant's allegation that the trial court erroneously informed him about his eligibility for judicial release. Specifically, the court stated, "do you understand that judicial release may not be, you may not be eligible for that until after serving five years of the sentence." Id. at ¶ 3.
 {¶ 24} This court declined to "interpret the court's statement about eligibility for judicial release as being the sure thing that [the defendant] seems to claim that it is." Id. at ¶ 4. This court focused on the trial court's use of the word "may" and the fact that "the court engaged in a colloquy with both [the defendant] and a codefendant ***[,]" and thus, "[t]he court's statement concerning judicial release may well have applied to the codefendant." Id. Further, in considering whether the defendant would not have pleaded guilty but for the court's statement, this court stated "[t]his might be a more compelling argument had [the defendant] asked for clarification or had he asked the court for permission to withdraw his guilty plea."[2] (Emphasis added.) Id. at ¶ 7. *Page 8 
 {¶ 25} Putting the use of the words "may" and "can" aside, several factors distinguish this case from Cvijetinovic. First, Ealom didask for clarification and accordingly was advised that "the first time you can become eligible for judicial release would be a minimum of three and a half years." Second, the court was only addressing Ealom and, therefore, the issue of whether the court's remarks were directed at another defendant was not present in this case.[3] And finally, and perhaps most importantly, the record demonstrates that Ealom had some mental health issues and a low IQ.
 {¶ 26} On this record, we follow the Third Appellate District that has invalidated pleas based upon misinformation given by a trial court about judicial release. See State v. Bush, Union App. No. 14-2000-44, 2002-Ohio-6146; State v. Horch, 154 Ohio App.3d 537, 2003-Ohio-5135,797 N.E.2d 1051; State v. Florence, Allen App. No. 1-03-60, 2004-Ohio-1956. In Florence, for example, the trial court failed to inform the defendant that if the sentence exceeded ten years he would not be eligible for judicial release. *Page 9 
 {¶ 27} Similarly, in this case, the court failed to so inform Ealom. Moreover, as already alluded to, judicial release appeared to be of concern to Ealom, who questioned the court when it informed him that he would not be eligible for it. We find that the court's response led Ealom to believe that he would be eligible for judicial release, regardless of what his sentence was.
 {¶ 28} On this record, we find that Ealom's plea was not knowingly, intelligently, and voluntarily made and, therefore, sustain the first assignment of error.
 {¶ 29} We find, however, the third assignment of error, that the trial court failed to inform Ealom that the period of postrelease control would be mandatory, is meritless. The court advised Ealom on postrelease control as follows:
 {¶ 30} "As the Court is required to impose a prison sentence, upon the completion of that term, the State of Ohio Adult Parole Authority will supervise you for five years under what is called post-release control."
 {¶ 31} That advisement was sufficient to inform Ealom that postrelease control was mandatory. See State v. Rodgers, Trumbull App. No. 2007-T-003, 2008-Ohio-2757.
 {¶ 32} Accordingly, the third assignment of error is overruled.
 {¶ 33} Given our resolution of the first assignment of error, the second assignment of error, which claims ineffective assistance of counsel based upon *Page 10 
counsel's failure to pursue a not guilty by reason of insanity defense, is moot and we decline to address it. See App. R. 12(A)(1)(c).
Judgment reversed.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] Ealom did not file a motion to vacate in the trial court. The Ohio Supreme Court has held, however, that a defendant challenging the knowing, intelligent, and voluntary nature of a plea may do so either by filing a motion to withdraw the plea at the trial court level or upon direct appeal. State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509,881 N.E.2d 1224, paragraph one of the syllabus.
[2] In State v. Simmons, Hamilton App. No. C-050817, 2006-Ohio-5760, the First Appellate District similarly declined to vacate a plea based upon the trial court's failure to inform the defendant about his ineligibility for judicial release. The court found that a trial court need not inform a defendant about judicial release unless it is part of a plea bargain. The court noted that the defendant was informed that he would have to serve the entire agreed-upon sentence, only the time he had already served would be deducted, and the written plea form stated that he was ineligible for any type of early release. Those facts are not present in this case.
[3] Interestingly, the plea in this case was attempted earlier in the day, along with another defendant's plea, but did not go forward at that time because Ealom did not "wish to give up [his] rights[,]" and "was a little confused[.]" *Page 1