[Cite as *State v. Norville*, 2018-Ohio-5220.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ROBERT L. NORVILLE, III,

    DEFENDANT-APPELLANT.

CASE NO. 13-18-26

O P I N I O N

Appeal from Seneca County Common Pleas Court
Trial Court No. 18 CR 0100

Judgment Affirmed

Date of Decision:  December 26, 2018

APPEARANCES:

    *Sarah R. Anjum* for Appellant

    *Rebeka Beresh* for Appellee

**WILLAMOWSKI, P.J.**

**{¶1}** Defendant-appellant Robert L. Norville III ("Norville") appeals the judgment of the Seneca County Court of Common Pleas, alleging his plea of guilty was not knowingly and intelligently rendered. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

**{¶2}** On May 2, 2018, Norville was indicted on one count of bribery in violation of R.C. 2921.02(C), (G). Doc. 1. This charge became the basis of case 18-CR-0100. Doc. 1. On June 4, 2018, Norville pled guilty to the offense of bribery. Doc. 10. As part of his plea, Norville agreed that he violated the terms of his community control in two prior cases: 16-CR-0166 and 16-CR-0225. Plea Hearing Tr. 3. Further, pursuant to a plea agreement, the charges forming the basis of case 17-CR-0201 were dismissed. *Id*. at 2. During the change of plea hearing, the following colloquy occurred:

> **[Trial Court]: I'm going to turn first to the 18 CR 0100 case, what I will refer to as the bribery charge. As I've already indicated to you, the maximum prison term is 36 months during which you are eligible for judicial release, the maximum fine is $10,000, do you understand that?**
>
> **Norville: Yes, Your Honor.**

*Id*. at 10. The trial court sentenced Norville on July 18, 2018. Doc. 13.

*Assignment of Error*

**{¶3}** Appellant filed his notice of appeal on July 31, 2018. Doc. 17. On appeal, Norville raises the following assignment of error:

> **The plea was not knowingly and intelligently rendered when the trial court incorrectly implied the defendant was eligible for immediate judicial release.**

Norville asserts that the trial court's statements led him to believe he would be immediately eligible for judicial release. Norville argues that his plea should be vacated, claiming that the trial court's statement did not substantially comply with the notification requirements of Crim.R. 11(C)(2)(c).[1]

*Legal Standard*

**{¶4}** To be valid, "guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17, 4-14-18, 2015-Ohio-926, ¶ 9. To protect the validity of guilty pleas, Crim.R. 11(C) requires trial courts to inform a defendant of various constitutional and nonconstitutional rights. *State v. Cortez*, 3d Dist. Hancock Nos. 5-07-06, 5-07-07, 2007-Ohio-6150, ¶ 15. Crim.R. 11(C)(2) reads as follows:

> **(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:**

---

[1] Norville did not submit a Crim.R. 32 motion to vacate his plea of guilty. Rather, he challenges his plea of guilty under Crim.R. 11(C)(2)(a).

**(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**

**(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**

**(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

Crim.R. 11(C).

{¶5} Crim.R. 11(C)(2)(c) lists the defendant's constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. If the trial court fails to notify the defendant of these constitutional rights, the guilty plea is invalid "under a presumption that it was entered involuntarily and unknowingly * * *." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Crim.R. 11(C)(2)(a) and (b) list the defendant's nonconstitutional rights. *Veney* at ¶ 18. "[I]f the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. "Substantial compliance means that under the totality of the

circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶6}** If the trial judge makes "a slight deviation from the text of the rule" but otherwise substantially complied with Crim.R. 11(C)(2)(a) and (b), "the plea must be upheld." *Clark* at ¶ 31.

> **When the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, * * * the plea may be vacated only if the defendant demonstrates a prejudicial effect. The test for prejudice is "whether the plea would have otherwise been made." If the trial judge completely failed to comply with the rule * * *, the plea must be vacated. "A complete failure to comply with the rule does not implicate an analysis of prejudice."**

(Citations omitted.) *Clark* at ¶ 32. "[I]t is well settled that a guilty plea may be invalidated where the defendant is given misinformation regarding judicial release." *State v. Williams*, 8th Dist. Cuyahoga Nos. 104078 and 104849, 2017-Ohio-2650, ¶ 15, citing *State v. Florence*, 3d Dist. Allen No. 1-03-60, 2004-Ohio-1956.

*Legal Analysis*

**{¶7}** In this case, the trial court instructed Norville that "the maximum prison term is 36 months *during* which you are eligible for judicial release * * *." (Emphasis added.) Plea Hearing Tr. 10. This statement does not contain misinformation and is factually correct: Norville would be eligible for judicial

release during his stated prison term. R.C. 2929.20(C)(2). Further, the trial judge's statement did not indicate that Norville would be immediately eligible for judicial release. Thus, we find that trial court complied with Crim.R. 11(C)(2)(a).

{¶8} Even under the substantial compliance standard, Norville's argument fails. First, his prepared statement at his sentencing hearing indicated that he understood that he would not be immediately eligible for judicial release. He said: "I'm not asking just to be released to the streets or to the world, instead I'm just asking for a six-month program at Crossway." Tr. 7. This statement indicated that he was subjectively aware that he would not be eligible for immediate release and would be incarcerated in some manner.

{¶9} Second, on appeal, Norville never alleged that his decision to accept the plea agreement would have been different had the trial court expressly informed him that he would not be immediately eligible for judicial release. Rather, in his reply brief, he asserts that the question of whether he "would have agreed to make the deal given the charges he was facing" was "irrelevant." Appellant's Reply Brief, 8. Thus, Norville has not carried the burden of establishing he was prejudiced by the trial court's notification. For these reasons, Norville's sole assignment of error is overruled.

## *Conclusion*

{¶10} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Seneca County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**